IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

Case Number _____

TYRONE JOHNSON,
    Plaintiff,
v.

BROWARD COUNTY SHERIFF'S OFFICE and
SATNARINE SINGH, individually,
    Defendants.
_____

**DEFENDANTS' NOTICE OF REMOVAL
TO UNITED STATES DISTRICT COURT**

TO:    THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF FLORIDA

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1446, defendants Broward County Sheriff's Office and Satnarine Singh herein remove, to the United States District Court for the Southern District of Florida, Fort Lauderdale Division, all claims and causes of action in the civil action styled *Tyrone Johnson v. Broward County Sheriff's Office and Satnarine Singh*, Case No. CACE 19-004462, now pending in the Circuit Court for the 17th Judicial Circuit, in and for Broward County, Florida (the "State Court Action").

**I.**    **GROUNDS FOR REMOVAL**

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). To establish original jurisdiction, a lawsuit must satisfy the jurisdictional prerequisites of either federal question jurisdiction, pursuant to 28 U.S.C. § 1331, or diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Federal question jurisdiction exists when the civil action arises "under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331.

On February 27, 2019, Plaintiff commenced the State Court Action action by filing a Complaint against the Broward County Sheriff's Office and Satnarine Singh in Circuit Court in the 17th Judicial Circuit in and for Broward County, Florida. *See* Pl's Complaint, **Exhibit A**. The Complaint was not served on the Defendants until on or about June 12, 2019 and June 27, 2019, respectively. *See* **Exhibit B, C**. Plaintiff's Complaint alleges that acts committed by the Sheriff's Office and by Deputy Singh, under color of state law, while employed by the Sheriff's Office, constitute violations of the First and Fourth Amendments of the United States Constitution. Plaintiff specifically asserts claims against both defendants under 42 U.S.C. §1983. *See* **Exhibit A**, ¶¶17-30, 45-61. Plaintiff's claims, under 42 U.S.C. §1983, arise under and require interpretation of, the Constitution, laws, or treaties of the United States including the Civil Rights Act of 1871 and, as such, constitute federal questions as contemplated by 28 U.S.C. § 1331. Accordingly, this Court has original jurisdiction over Plaintiff's §1983 claims.

Additionally, pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III [of the Constitution]," except as provided in subsections (b) and (c). Once judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary. *See Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088–89 (11th Cir. 2004). Here, the alleged state law claims (1) do not raise a novel or complex issue of State law, (2) do not substantially predominate over the original jurisdiction claims, (3) are not the only remaining claims, nor (4) are there exceptional circumstances or other compelling reasons to

decline jurisdiction. *See* 28 U.S.C. § 1367(c). As such, removal of the State Court Action – in its entirety – is warranted and appropriate. Moreover, both defendants expressly consent to the removal of all claims. 28 U.S.C. § 1441(a)(b).

## II. VENUE

Venue exists in the United States District Court for the Southern District of Florida, Fort Lauderdale Division, because the 17th Judicial District in and for Broward County, where Plaintiff filed his state court Complaint against the Broward County Sheriff's Office and Satnarine Singh is located within the United States District Court for the Southern District of Florida, Fort Lauderdale Division; the parties reside within Broward County, Florida; and all acts alleged to have formed a basis for the Complaint are said to have occurred within Broward County, Florida.

## III. THE NOTICE OF REMOVAL IS TIMELY FILED

In accordance with 28 U.S.C. § 1446(b), the defendants file this Notice of Removal within thirty (30) days of the date that they received a copy of Plaintiff's Complaint. Plaintiff's Complaint is the initial pleading setting forth the claims for relief upon which Plaintiff's action is based. The thirty (30) day period commenced on June 12, 2019 as to the Broward County Sheriff's Office and June 27, 2019 as to Satnarine Singh, when Plaintiff served the Defendants with his Complaint. *See* **Exhibit B, C**. As referenced above, both defendants expressly consent to the removal of all claims.

Further, the Defendants are contemporaneously notifying counsel for the Plaintiff in writing, of this Notice of Removal, and will file a copy of this Notice with the Clerk of the Circuit Court for the 17th Judicial Circuit in and for Broward County, Florida.

**WHEREFORE**, Defendants BROWARD COUNTY SHERIFF'S OFFICE and SATNARINE SINGH, respectfully request the Notice of Removal be accepted as good and

sufficient as required by law, and that the aforesaid action, Case No. CACE 19-004462, on the docket of the Court for the 17th Judicial Circuit in and for Broward County, Florida, be removed from that Court to the United States District Court for the Southern District of Florida, Fort Lauderdale Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which the Broward County Sheriff's Office and Satnarine Singh are entitled.

Dated:  July 9, 2019

Respectfully submitted,

THE JG FIRM LLC
DCOTA | Design Center of the Americas
1855 Griffin Road, Suite C-470
Dania Beach, Florida 33004
Telephone:   (305) 571-8550
Facsimile:    (305) 571-8558

By: /s/ Justin D. Grosz
Florida Bar No. 984000
justin@thejgfirm.com
marisela@thejgfirm.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of July, 2019, a true and correct copy of the foregoing has been filed electronically filed with the Clerk of the Court via CM/ECF and furnished electronically, via email, to the following:

W. Craig Lawson
W. CRAIG LAWSON, P.A.
*Attorney for the Plaintiff*
1880 N. Congress Ave.
Suite 200
Boynton Beach, Florida 33426
Telephone: (561) 374-8624
craig@craiglawsonlaw.com

/s/ Justin D. Grosz