# EXHIBIT A

# IN THE CIRCUIT COURT FOR THE SEVENTEENTH JUDICIAL CIRCUIT
# IN AND FOR BROWARD COUNTY, FLORIDA

Tyrone Johnson,                                Case No.:

    Plaintiff,

v.

Broward County Sheriff's Office, and
Satnarine Singh, individually,

    Defendants.
_____/

## COMPLAINT

Comes now Plaintiff, Tyrone Johnson, by and through his undersigned attorney, and sues Defendants, Broward County Sheriff's Office and Satnarine Singh, for violating his rights and protections, which have caused him injury, and states:

1. This is a civil action seeking money damages in excess of $15,000 against Defendants for committing acts, under color of law, which deprived Plaintiff of rights secured under the laws of the State of Florida and the Constitution and laws of the United States. Plaintiff's federal claims arise pursuant to 42 U.S.C. §§1983 and 1988, for violations of his rights protected by the First and Fourth Amendments to the United States Constitution.

2. Venue in this judicial circuit is proper because the Defendants are subject to personal jurisdiction in Broward County, and all events giving rise to Plaintiff's claims occurred in Broward County.

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 2/27/2019 6:47:59 PM.****

3. Plaintiff is a resident of Florida. He is over the age of 18 years and is otherwise *sui juris*.

4. Broward County Sheriff's Office is a public safety agency that provides full-time law enforcement services in sixteen Broward cities and towns and in all of Broward's unincorporated areas; it is capable of being sued.

5. At the material times, Defendant Singh was a deputy sheriff employed by the Broward County Sheriff's Office, was acting under color of law, was over the age of 18 years, and otherwise was *sui juris*. Plaintiff sues Singh in his individual capacity. In connection with the acts, practices and violations described below, Defendant Singh directly or indirectly violated Plaintiff Johnson's Constitutional and other legal rights.

## FACTS COMMON TO ALL CLAIMS

6. Plaintiff had spent the day of February 28, 2015, helping a friend move out of his townhouse.

7. As evening approached, they decided to take a break and sit in the backyard, behind the townhouse.

8. The men were seated and relaxing peacefully when, without warning or announcement, Defendant Singh, with flashlight and firearm in hand, entered the backyard and approached the men from behind the Plaintiff.

9. Plaintiff and his friends were startled by the Defendant's unexpected approach and the drawn weapon.

10. Defendant Singh asked the men for identification when the Plaintiff fled in a direction away from Defendant Singh.

11. Plaintiff was not engaged in any illegal activity nor did he pose a threat to Defendant Singh, nor did any of the other men who were in the backyard.

12. There were no exigent circumstances that justified Defendant's entry into the backyard, and he was not investigating a serious crime.

13. Then, intentionally and for no legitimate reason, Defendant Singh fired his weapon at Plaintiff and shot Plaintiff in his back.

14. As a result, Plaintiff suffered grave personal injury and permanent scarring, in addition to other damages.

15. In January 2016, Plaintiff served notice of his claims in accordance with § 768.28, *Fla. Stat*. Therefore, all conditions precedent to the filing of this action have been fulfilled.

16. Plaintiff has agreed to pay his undersigned counsel a reasonable fee for services rendered.

**COUNT ONE**
**EXCESSIVE USE OF FORCE IN VIOLATION OF**
**THE FOURTH AMENDMENT**
**42 U.S.C. § 1983**

17. Plaintiff brings this claim against Defendant Singh, and restates his allegations at paragraphs 1 through 16 as if fully set forth here.

18. This cause of action arises under 42 U.S.C. § 1983 for violations of Plaintiff's Fourth Amendment right to be free from the use of excessive force against

him.

19. The Fourth Amendment to the United States Constitution protects persons from being subjected to use of excessive force by police officers.

20. Law enforcement officers may only use the amount of force necessary under the circumstances to make an arrest. In the incident giving rise to this action, however, Defendant Singh used deadly force against Plaintiff at a level that was unnecessary and excessive under the circumstances.

21. Defendant Singh acted under color of state law when he deprived Plaintiff of his Fourth Amendment right to be free from the use of excessive force.

22. The amount of force Defendant Singh used against Plaintiff was unreasonable under the circumstances, and the injuries suffered were grave.

23. Through Defendant's actions, Plaintiff Johnson's rights and protections under the Fourth Amendment were violated, with devastating results and harm from which he will never fully recover.

24. Plaintiff is entitled to recover his reasonable attorney fees per 42 U.S.C. § 1988.

WHEREFORE, Plaintiff Tyrone Johnson requests judgment against Defendant Satnarine Singh for compensatory damages, attorney's fees and costs, any other and further relief that the Court deems just and proper, and requests trial by jury on all issues so triable.

## COUNT TWO
## UNREASONABLE SEARCH AND SEIZURE
## IN VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. § 1983

25. Plaintiff brings this claim against Defendant Singh, and restates his allegations at paragraphs 1 through 16 as if fully set forth here.

26. To treat his injuries, Plaintiff was required to undergo extensive surgery, including the installation of a colostomy bag, and was confined to the hospital for many days.

27. Singh's seizure and imprisonment of Tyrone Johnson by shooting him in the back was objectively unreasonable and unwarranted under the circumstances and violated Plaintiff's clearly established rights.

28. By seizing and imprisoning Tyrone Johnson in the absence of probable cause, Defendant Singh deprived Tyrone Johnson of his right to be free from unreasonable searches and seizures in violation of the Fourth Amendment to the United States Constitution.

29. As a direct and proximate result of Satnarine Singh's wrongful arrest, Tyrone Johnson suffered physical pain and injury, permanent scarring, and other damages.

30. Plaintiff is entitled to recover his reasonable attorney fees per 42 U.S.C. § 1988.

WHEREFORE, the Plaintiff requests judgment against Defendant Singh for compensatory damages, attorney's fees and costs, any other and further relief that

the Court deems just and proper, and requests trial by jury on all issues so triable.

## COUNT THREE
### BATTERY CLAIM AGAINST DEFENDANT SATNARINE SINGH
### UNDER FLORIDA STATE LAW

31.     Plaintiff brings this claim against Defendant Singh, and restates his allegations at paragraphs 1 through 16 and 20 through 23 as if fully set forth here.

32.     Defendant Singh fired his weapon and shot Tyrone Johnson in the back in the absence of probable cause to believe Johnson had committed any crime, let alone any crime that would justify shooting a fleeing person.

33.     Singh's actions were taken in absence of lawful authority, were objectively unreasonable, and were taken with malicious intent and with a reckless or callous indifference to Tyrone Johnson's rights.

34.     As a direct and proximate result of Satnarine Singh's wrongful shooting, Tyrone Johnson suffered physical pain and injury, permanent scarring, mental anguish and humiliation, and other damages.

WHEREFORE, the Plaintiff requests judgment against Defendant Singh for compensatory damages and costs, any other and further relief that the Court deems just and proper, and requests trial by jury on all issues so triable.

## COUNT FOUR
### FALSE ARREST OR IMPRISONMENT
### UNDER FLORIDA STATE LAW

35.     Plaintiff brings this claim against Defendant Singh, and restates his allegations at paragraphs 1 through 16 and 26 through 28 as if fully set forth here.

36. When he shot Plaintiff in the back without any cause to believe Plaintiff had committed any offense, Defendant Singh forcibly restrained and imprisoned Plaintiff without lawful authority and against Plaintiff's will.

37. Because of the absence of probable cause to believe Plaintiff had committed any crime, Defendant Singh's actions were taken in the absence of lawful authority, were objectively unreasonable, and were taken with malicious intent and reckless indifference or callous disregard for Plaintiff Johnson's rights.

38. As a direct and proximate result of Satnarine Singh's wrongful shooting, Tyrone Johnson suffered physical pain and injury, permanent scarring, mental anguish and humiliation, and other damages.

WHEREFORE, the Plaintiff requests judgment against Defendant Singh for compensatory damages and costs, any other and further relief that the Court deems just and proper, and requests trial by jury on all issues so triable.

**COUNT FIVE**
**NEGLIGENT HANDLING AND FIRING OF WEAPON**
**UNDER FLORIDA STATE LAW**

39. Plaintiff brings this claim against Defendant Singh, and restates his allegations at paragraphs 1 through 16 as if fully set forth here.

40. With no justifiable reason to do so, Defendant Singh walked around the townhouse and entered the backyard area with his firearm drawn.

41. Then when the men in the backyard saw Defendant Singh and noted that his firearm was drawn and pointed at them, they ran.

42. Defendant Singh commenced firing his weapon, including aiming and firing into the back of Plaintiff Tyrone Johnson.

43. Defendant Singh had a duty to refrain from using his firearm in a negligent manner, and by his actions, he breached that duty.

44. As a direct and proximate result of Satnarine Singh's negligent handling and firing of his weapon, Tyrone Johnson suffered physical pain and injury, permanent scarring, mental anguish and humiliation, and other damages.

WHEREFORE, the Plaintiff requests judgment against Defendant Singh for compensatory damages and costs, any other and further relief that the Court deems just and proper, and requests trial by jury on all issues so triable.

### COUNT SIX
### VIOLATION OF THE PETITION CLAUSE
### OF THE FIRST AMENDMENT
### 42 U.S.C. § 1983

45. Plaintiff brings this claim against Defendant Broward County Sheriff's Office, and restates his allegations at paragraphs 1 through 16 as if fully set forth here.

46. Broward County Sheriff's Office (BSO) maintains records that are subject to open records laws.

47. Following Defendant Singh's shooting of Plaintiff, Johnson, through his attorney, commenced an investigation into the facts surrounding the shooting; that investigation included serving BSO with public records requests for records related to the shooting.

48. Although BSO provided some records, it repeatedly stonewalled

Plaintiff's efforts to obtain key records by invoking an exemption to disclosure under the Florida Public Records Act: BSO began claiming that the records were subject to an open internal affairs investigation.

49. At first, this claimed exemption made sense, but Johnson's repeated his records requests over the years were met with the same claim.

50. Johnson's most recent records request was submitted in February 2019; BSO responded again by asserting the "open investigation" exemption against disclosure.

51. The idea that an internal affairs investigation could legitimately remain open *four years* after one of its deputies wrongfully shoots someone in the back strains credulity, to say the least.

52. There is no legitimate open internal affairs investigation into Defendant Singh's shooting of Tyrone Johnson.

53. Plaintiff has the right to obtain the records he has been seeking.

54. Releasing these records is a necessary precedent for the public, including Plaintiff, to fully understand and scrutinize the actions of Defendant Singh, the actions of BSO leading up to the shooting, and the actions of BSO in the wake of the shooting.

55. Obtaining these records also is necessary for Plaintiff Johnson to analyze the breadth of his causes of action against Singh and BSO.

56. These records are necessary precedents to public discussion of the

shooting in particular, the policies and procedures of BSO in general, as well as to Plaintiff Johnson's initiating of litigation to seek redress of his grievances against these defendants.

57.     By stonewalling Plaintiff's access to these records, BSO apparently was attempting to avoid civil liability by cloaking its and Singh's wrongful actions behind an improper exploitation of an exemption to the Florida Public Records Act.

58.     Johnson has the right under the First Amendment to be free from acts that suppress or tend to suppress his right to petition the government.

59.     BSO violated that right by blocking his access to those records that are necessarily implicated in or important to meaningful exercise of his First Amendment right to petition the government by initiating litigation.

60.     Although Plaintiff obviously has initiated litigation, Plaintiff has been damaged because he has been unable to engage in a full and meaningful analysis of the breadth of his causes of action against Defendants.

61.     Plaintiff is entitled to recover his reasonable attorney fees per 42 U.S.C. § 1988.

WHEREFORE, the Plaintiff requests judgment against Defendant Broward County Sheriff's Office for compensatory damages, attorney fees and costs, any other and further relief that the Court deems just and proper, and requests trial by jury on all issues so triable.

Dated: February 27, 2019

                               Respectfully submitted,

                               s\W. Craig Lawson, P.A.
                               FL Bar 079103
                               Attorney for Plaintiff
                               1880 N. Congress Ave. Suite200
                               Boynton Beach, FL 33426
                               (561) 374 8624
                               craig@craiglawsonlaw.com

By:    /s/ W. Craig Lawson
        FBN: 79103